## SMITH *vs.* HAYNES.

An agreement " to sell" land, binds the party to execute a proper deed of convey-ance.

Where, under an agreement for the sale of land, the purchaser had made partial payments, but the other party had no title to the land, but held only a contract for a title to be afterwards completed by the owner; it was held that this fact, being well known to the purchaser at the time of making the contract, furnish-ed no ground to recover back the money paid, the contract not being rescinded.

THIS was an action of *assumpsit* for the recovery of twenty-four dollars for money advanced to the defendant, and thirty dollars for labor performed for him; and it came before this court upon exceptions filed by the plaintiff to the opinion of *Ruggles* J. before whom it was tried in the court below.

It appeared on the trial that the money was paid and the services performed by the plaintiff in part payment for a lot of land and in part fulfilment of a written agreement, made *Aug.* 25, 1830, between him and the defendant; by which, " in consideration of $400 paid by said *Smith*, the said *Haynes* doth agree to sell unto said *Smith* a certain parcel or lot of land situate," &c. " upon these conditions,

Smith *v.* Haynes.

viz. fifty dollars to be paid in thirty days, and fifty dollars in *January* next, and fifty dollars in *June* following, and the remainder in three annual instalments from *September* next." It was in evidence that on the 8th or 10th day of *September*, 1830, the plaintiff demanded of the defendant a deed of the land, or security therefor; and that they conversed about a settlement; in the course of which the defendant asked if the plaintiff would be ready in ten days to make payment, and the plaintiff replied that he was then ready; whereupon the defendant said he would give him a deed in ten days, upon his paying the money. The plaintiff offered to prove that the whole intentions of the parties were not expressed in the written agreement; and that it was further agreed that the defendant should give the plaintiff a good and sufficient deed of the land, upon the payment of fifty dollars. But the judge rejected this evidence. It also appeared that at the time of making the agreement, the defendant had no legal title to the land; but had bargained for it with the owner, and was to have a conveyance, upon the payment of a stipulated sum ; and that this fact was known to the plaintiff at the time of contracting with the defendant, and before the aforesaid partial payments were made.

Upon this evidence the plaintiff's counsel contended that the agreement was not such as to compel the defendant to give a good and sufficient deed of the premises, and therefore was void for want of mutuality ; and that if it were otherwise, yet that as the defendant had no title to the land, and therefore could convey none to the plaintiff, the latter was entitled to recover back what he had advanced.

But the judge instructed the jury that the plaintiff, having complied with the terms of the agreement on his part, would have a remedy in damages against the defendant, if he failed to convey to him a title to the land ; that the plaintiff could not recover back the money he had advanced, under the agreement, unless it was rescinded, or unless, at the time of making it, he confided in the defendant's title, and was ignorant of his want of any ; or unless the defendant had, by his own neglect or otherwise, to acquire title thereto from the legal owner; but that if, at the time of making the con-

17

tract, and before making any partial payments under it, the plaintiff knew that the defendant had no title, but only a contract for a title to the land, this want of title would not enable the plaintiff to recover in this action. The jury thereupon found for the defendant; and the plaintiff filed exceptions to the directions given them by the judge.

*Johnson*, for the plaintiff, maintained the points taken at the trial; and argued further that the agreement, such as it was, had been rescinded by the new verbal agreement made in *Sept.* 1830; which last, not being in writing, though good as a waiver of the former, yet was void by the statute of frauds, as an agreement to convey lands; and that on either of these grounds the action was maintainable. *Lattimore v. Harson,* 14 *Johns.* 330; *Munroe v. Perkins,* 9 *Pick.* 298; *Porter v. Noyes,* 2 *Greenl.* 22.

*J. Williamson,* for the defendant.

MELLEN C. J. delivered the opinion of the Court.

It appears on the exceptions in this case, that the sums charged in the account annexed to the writ were paid to the defendant, and the services therein mentioned, were performed for him by the plaintiff in part satisfaction of a debt due from him to the defendant, for a lot of land which he had agreed to sell to the plaintiff, as mentioned in the agreement set forth in the exceptions. Why then should the plaintiff recover the amount back again? The bargain has not been rescinded, nor is there any reason for concluding that the defendant will not convey to the plaintiff the land contracted for, so soon as the consideration shall have all been paid according to the terms of the contract. But it is said that the defendant had no title to the land which he agreed to sell; still he had made a bargain with the owner for the land and was to have a deed of it as soon as he should pay a certain sum for it. All this was well known to the plaintiff when he contracted with the defendant. There was no deception or misunderstanding. The plaintiff however, contends that by the terms of the defendant's contract, he is under no obligation to convey any title to the land, even after all the consideration

shall have been paid ; that he only agreed to sell the land. It is true the agreement is not drawn with much legal precision ; on the contrary, there is much looseness of expression. A reasonable construction, however, must be given to all contracts. Whether the agreement binds the defendant to give a warranty deed, need not now be decided; but it must be construed to be an agreement to make a conveyance of the land. At any rate, the plaintiff was satisfied with the contract and he must go on and fulfil his own, and thus entitle himself to his deed. It is admitted that the parol, explanatory evidence which was offered, was properly rejected. On the whole, we overrule the exceptions.

*Judgment for the defendant.*